LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| VICTOR CARRASCO<br>*on behalf of himself, FLSA Collective Plaintiffs and the class*,<br><br>Plaintiff,<br><br>-against-<br><br>PHIL'S BODY WORKS, INC.,<br>DOMINICK VALENTI, and<br>RICHIE VALENTI<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br><br>Jury Trial Demanded |

---

## COMPLAINT

Plaintiff VICTOR CARRASCO ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, as and for his Complaint against Defendants PHIL'S BODY WORKS, INC. ("Corporate Defendant"), DOMINICK VALENTI and RICHIE VALENTI (together, "Individual Defendants", and collectively with the Corporate Defendant, "Defendants"), states on information and belief as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all others similarly situated to recover unpaid wages, overtime wages, liquidated damages, interest, and reasonable attorney's

fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6, 7, and 19 of the New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146 ("NYLL").

2. Plaintiff and others similarly situated worked for Defendants as body work techniciansand other laborers. Plaintiff and others similarly situated regularly worked in excess of 40 hours per week for Defendants, but were not compensated properly for all of the hours they worked, or for their overtime hours.

## PARTIES, JURISDICTION, AND VENUE

3. At all times relevant herein, Plaintiff was and is a resident of the State of New York.

4. At all times relevant herein, Corporate Defendant PHIL'S BODY WORKS, INC was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at 1623 Broadway, Hewlett, NY 11557.

5. Individual Defendant DOMINICK VALENTI is an owner and principal of the Corporate Defendant. Defendant DOMINICK VALENTI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant DOMINICK VALENTI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees

could complain to Defendant DOMINICK VALENTI directly regarding any of the terms of their employment, and Defendant DOMINICK VALENTI had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

6. Individual Defendant RICHIE VALENTI is an owner and principal of the Corporate Defendant. Defendant RICHIE VALENTI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant RICHIE VALENTI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant RICHIE VALENTI directly regarding any of the terms of their employment, and Defendant RICHIE VALENTI had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

8. This Court has personal jurisdiction over Defendants in that it is incorporated in the state of New York and has its principal place of business therein.

9. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred herein.

## JURY DEMAND

10. Plaintiff demands a trial by jury of all issues so triable in this action.

## STATEMENT OF FACTS

11. In or around 2007, Plaintiff CARRASCO was hired by Defendants to work as a body work technician for Defendants' Phil's Body Work located at 1623 Broadway Hewlett, NY 11557. Plaintiff's employment with Defendants terminated on or around June 1, 2020.

12. Throughout his employment with Defendants, Plaintiff regularly worked five (5) days each week, from 7:00 a.m. to 4:00 p.m., for nine (9) hours per day for a total of forty-five (45) hours each week. Plaintiff was paid $1,500 per week. During Plaintiff's employment with Defendants, FLSA Collective Plaintiffs and class members worked similar hours.

13. In addition, at all times relevant to this action, for about three (3) to four (4) times each week, Plaintiff CARRASCO had to work through his meal breaks because it was too busy. Defendants would automatically deduct one (1) hour from Plaintiff CARRASCO's daily timekeeping records and therefore resulted in about three (3) to four (4) hours of unpaid off-the-clock work each week. Similarly, FLSA Collective Plaintiffs and Class members performed off-the-clock work due to Defendants' automatically imposed lunch breaks, and were not compensated for this off-the-clock work.

14. Throughout Plaintiff's employment with Defendants, he was never paid the overtime premium of one-and-half times his regular rate of pay for his hours worked in excess of forty (40) hours per week, as required under the FLSA and NYLL.

15. Defendants did not provide Plaintiff CARRASCO with wage notices, as required

by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

16. Defendants did not provide Plaintiff CARRASCO with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

17. Plaintiff CARRASCO, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

18. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff CARRASCO and Class members, in violation of the NYLL.

19. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff CARRASCO and Class members, in violation of the NYLL.

20. Plaintiff CARRASCO retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

*FLSA Collective Action Allegations*

21. Plaintiff brings this action as a collective action pursuant to Section 16(b) of the FLSA on behalf of himself and all other non-exempt service employees (including specifically but without limitation body work technicians, auto body detailers, and auto body repairers) employed by Defendants on or after the date that is six years before the filing of the initial Complaint in this case ("FLSA Collective Plaintiffs").

22. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper regular and overtime wages for their off-the-clock work. The FLSA claims of Plaintiff as stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

23. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

*Class Action Allegations*

24. Plaintiff brings claims for relief under the NYLL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other non-exempt service employees (including specifically but without limitation body work technicians, auto body detailers, and auto body repairers) employed by Defendants on or after the date that is six years before the filing of the initial Complaint in this case ("Class Period").

25. All said persons, including Plaintiff, are referred to herein as the "Class." The members of the Class are readily ascertainable. The number and identity of the members of the Class are determinable from Defendants' records. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

26. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number would be based are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

27. Plaintiff's NYLL claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay proper regular and overtime wages for off-the-clock work; and (ii) failing to provide proper wage statements that were in compliance with the requirements under the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff sustained similar losses, injuries, and damages as other Class members, wth such injuries and damages arising from the same unlawful policies, practices, and procedures.

28. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly

situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, while treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30.  When wage and hour violations arise, current and former employees are often afraid to assert their rights. Current employees fear direct or indirect retaliation by their employers, while former employees are fearful of damage to their current or future employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

31.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and other Class members within the meaning of the NYLL;

b. What are and were Defendants' policies and procedures regarding the types of work and labor for which Defendants did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work;

d. Whether Defendants properly notified Plaintiff and other Class members of their hourly rate and overtime rate;

e. Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f. Whether Defendants provided proper wage statements to Plaintiff and other Class members per requirements of the NYLL;

g. Whether Defendants provided proper wage and hour notices to all employees per the requirements of the NYLL; and

h. Whether Defendants properly compensated Plaintiff and other Class members for all hours worked under the NYLL.

## FIRST CAUSE OF ACTION
### (FLSA Collective Action)

32. Plaintiff repeats each and every previous allegation as if fully set forth herein.

33. At all relevant times Plaintiff and the other FLSA Collective Plaintiffs were employees of Defendants within the meaning of the FLSA, and were persons covered by and intended to benefit from the provisions of the FLSA.

34. At all relevant times Defendants were an employer within the meaning of the

FLSA.

35. As alleged herein, Plaintiff and the other FLSA Collective Plaintiffs regularly worked well in excess of 40 hours per week for Defendants, but did not receive all of the regular and overtime wages to which they was entitled under the FLSA.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the other FLSA Collective Plaintiffs for all of the hours they worked, including overtime hours, when Defendants knew or should have known such was due.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and the other FLSA Collective Plaintiffs suffered damages in the form of unpaid regular and overtime wages.  Plaintiff and the other FLSA Collective Plaintiffs seek judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

### SECOND CAUSE OF ACTION
**(NYLL Class Action)**

38. Plaintiff repeats each and every previous allegation as if fully set forth herein.

39. At all relevant times Plaintiff and the other Class members were employees of Defendants within the meaning of the NYLL, and were persons covered by and intended to benefit from the provisions of the NYLL.

40. At all relevant times Defendants were an employer within the meaning of the NYLL.

41. As alleged herein, Plaintiff and the other Class members regularly worked well in excess of 40 hours per week for Defendants, but did not receive all of the regular and overtime wages to which they was entitled under the NYLL.

42. Defendants also failed to provide Plaintiff and the other Class members with accurate wage statements, as required under the NYLL.

43. Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to compensate Plaintiff and the other Class members for all of the hours they worked, including overtime hours, when Defendants knew or should have known such was due, and their failure to provide Plaintiff and the other Class members with accurate wage statements.

44. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff and the other Class members suffered damages in the form of unpaid regular and overtime wages. Plaintiff and the other Class members seek judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

b. Designation of this action as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class;

d. Compensatory damages in an amount to be determined at trial, including unpaid regular and overtime wages and all other damages to which Plaintiff is entitled;

e. Liquidated damages pursuant to the FLSA and NYLL;

f. Punitive damages in an amount to be determined at trial;

g. Pre- and post-judgment interest; and

      h.  Plaintiff's costs and reasonable attorney's fees;

Together with such other and further relief as the Court deems just and proper.

Dated: February 25, 2021
       New York, New York

                            LEE LITIGATION GROUP, PLLC

                  By: */s/ C.K. Lee*

                            C.K. Lee (CL 4086)
                            Anne Seelig(AS 3976)
                            148 West 24th Street, 8th Floor
                            New York, NY 10011
                            Tel: (212) 465-1188
                            Fax: (212) 465-1181
                            *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
                            *and the Class*